UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON JOSUE NAJARRO,

-vs-                               Case No.  8:03-cr-333-T-24TGW
                                            8:05-cv-965-T-24TGW

UNITED STATES OF AMERICA.

_____

## **ORDER**

This cause is before the Court on Defendant Nelson Josue Najarro's motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1; cr-202).

## BACKGROUND

On July 6, 2001, pursuant to a written plea agreement, Defendant pled guilty to a one-count Indictment.  The Indictment charged Defendant with conspiracy to possess with intent to distribute cocaine, in violation of Title 21 U.S.C. § 846. (Doc. cr-146 ¶ 1)[1]

Pursuant to the United States Sentencing Guidelines range determined by the Court at sentencing, Defendant's total offense level was 34 with a criminal history category of 1. The imprisonment range was 151 to 188 months.

---

[1] The Indictment reads that Defendant and codefendants:

> did knowingly and willfully conspire and agree with each other and with persons both known and unknown to the Grand Jury to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1). (Doc. cr-38)

On October 10, 2001, the Court sentenced Defendant to127 months incarceration, with the sentence to run concurrent with the sentence imposed in Case No. 8:01-cr-8-T-24EAJ. (Doc. cr-158). Judgment was entered October 10, 2001. (Doc. cr-159).

Defendant did not file a direct appeal. On March 24, 2005, Defendant signed the present section 2255 motion, raising three grounds for relief. The motion to vacate was not filed until May 20, 2005.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Defendant Najarro's conviction became final 10 days after the entry of judgment, or October 20, 2001. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Therefore, Najarro had until October 21, 2002, to file a timely section 2255 motion. He did not do so, and his motion to vacate is time-barred.

Defendant has not demonstrated that any exceptional circumstances warrant equitable tolling.

## DEFENDANT'S CLAIMS

Even if the motion to vacate were not time-barred, Defendant Najarro would not prevail on any of the grounds he raises.

In grounds one and two, Defendant alleges that his sentence was imposed in error on the basis of the holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). However, these claims have no merit, because neither Booker nor Blakely apply retroactively on collateral attack. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

In ground three, Defendant alleges that his counsel violated Defendant's right to due process of law and right to effective assistance of counsel by failing to file a Notice of Appeal after Defendant requested that counsel do so. Najarro claims that he was unaware

that counsel had failed to file an appeal and that counsel's failure to file the Notice of Appeal should toll the one-year time limitation for filing a timely motion to vacate.

Ground three also has no merit. Najarro voluntarily waived his right to appeal in his plea agreement. The appeal waiver reads:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Doc. cr-146 ¶ 5).

The right to appeal is statutory and can be waived knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993); see also, United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). For an appellate waiver to be enforced, the Government must demonstrate either that this Court specifically questioned the Defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. Rule 11 colloquy or that it is manifestly clear from the record that the Defendant otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. A Defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 motion to vacate proceeding. See United States v. Cockerham,

2327 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver), cert. denied, 122 St. Ct. 821 (2002); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (same), cert. denied, 531 U.S. 1175 (2001); see also, Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Pruitt, 32 F.3d 431 433 (9th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); cf. Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999).  The waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); Cockerham, 237 F.3d at 1187; DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); Mason, 211 F.3d at 1069; United States v. Djelevic, 161 F.3d 104-107 (2d Cir. 1998); but see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

In particular, if the complaint underlying the ineffective assistance claims were waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. See Djelevic, 161 F.3d at 107 (although "dressed[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and therefore, is barred by the plain language of his plea agreement;  to allow his claim

would be to "render meaningless" such plea agreement waivers); accord Davila, 258 F.3d at 451-42; Mason, 211 F.3d at 1068.

Defendant Najarro has not shown that he was prejudiced by counsel's failure to file a Notice of Appeal.

For the above reasons, the Court orders:

That Defendant Najarro's motion to vacate, set aside, or correct an allegedly illegal sentence  (Doc. cv-1; cr-202) is denied.  The Clerk is directed to enter judgment against Najarro in the civil case and to close that case.

ORDERED at Tampa, Florida, on May 27, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge


AUSA:  Anthony E. Porcelli

Pro se: Nelson Josue Najarro